IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **KARLA D. COLLONS-JACKSON**  )  )  Plaintiff  )  )  v.  )  )  )  **MICHAEL J. ASTRUE,**  )  Commissioner of Social Security,  )  )  Defendant  )  ) | Civil Action No. TMD-08-111 |

MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Karla Collons-Jackson ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment and Alternative Motion for Remand (Paper No.13) and Defendant's Motion for Summary Judgment (Paper No. 16). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, the Defendant's Motion for Summary Judgment is GRANTED.

**I.  Procedural History**

Plaintiff filed her application for DIB on December 1, 2004, alleging disability since April 9, 2004[1], on the basis of hearing loss. R. at 14, 49-51, 72-73, 228-29. The underlying claim was denied initially and on reconsideration. R. at 27-29, 31, 33-34. A hearing was held before an

---

[1] Plaintiff amended her onset date at the administrative hearing to July 13, 2005. R. at 14, 48, 226-27.

administrative law judge ("ALJ") on August 30, 2006. Plaintiff and a vocational expert ("VE") testified. R. at 222-49. Plaintiff was represented by counsel. The ALJ denied Plaintiff's request for benefits in a decision dated February 27, 2007. R. at 11-23. The Appeals Council denied review on November 16, 2007 making this action ripe for review. R. at 4-6.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB using the sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date. At step two, the ALJ determined that Plaintiff suffered from the following severe impairment: bilateral hearing loss. At step three, the ALJ found that Plaintiff's impairment did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff could not perform her past relevant work. The ALJ proceeded to step five and based on the testimony of the VE, he found that there are a significant number of jobs in the national economy that Plaintiff could perform. Accordingly, he found that Plaintiff was not disabled within the meaning of the Social Security Act. R. at 11-23.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence.  *Id*.

## IV. Discussion

Plaintiff contends that the ALJ's opinion is not supported by substantial evidence because he erroneously assessed Plaintiff's residual functional capacity ("RFC").  Specifically, Plaintiff contends the ALJ failed to properly evaluate Plaintiff's fluctuation in hearing.

On June 13, 2003, Dr. Howard Francis reported that Plaintiff experienced ongoing fluctuation in hearing loss in her right ear.  R. at 106.  Tests performed in August, 2004 were consistent with Claimant's perception of hearing fluctuation, R. at 169, and on May 12, 2005, Dr. Lisa Nelson (who had performed these tests) reported that Claimant continued to complain of hearing fluctuation in her right ear.  R. at 168.  At the administrative hearing, Claimant also complained of hearing fluctuation and described it as a "wave of silence."  R. at 232.

The ALJ clearly recognized Plaintiff's hearing fluctuation in his decision.  He noted treatment notes of Dr. Edford Chambers dated May 30, 2003 in which he indicated an impression of "fluctuating" right-sided sensory-neural hearing loss.  R. at 16, 198.  The ALJ further noted medical records from Dr. Lisa Nelson (mentioned above) which demonstrated that Plaintiff's hearing loss "varied daily."  R. at 17, 168.  Perhaps most significantly, in

formulating his RFC, the ALJ specifically noted Claimant's complaints of hearing fluctuation, but also noted the report of Dr. Elena Daniel dated July 13, 2005 (the most recent report) which indicated that with the use of the hearing aid, Claimant's hearing loss improved to a moderate level.  R. at 19, 174.  Dr. Daniel further reported that Claimant could perform activities of daily living without difficulty.  R. at 20 *citing* R. at 174.  The ALJ also found this significant noting Plaintiff reported a wide range of daily activities. R. at 20 *citing* R. at 81-88.

Finally, in formulating his RFC, the ALJ specifically provided for Claimant's hearing limitations by providing for moderate limitations in her ability to perform activities within a schedule, maintaining regular attendance for reliability purposes and being punctual with customary tolerances; and moderate limitations as to completing a normal workday or work week without an unreasonable length and number of rest periods.  R. at 18.  It is not the job of the Court to substitute its judgment for that of the Secretary.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  The ALJ's findings regarding the limitations Claimant experiences with respect to her hearing fluctuations are supported by substantial evidence.

## V.  Conclusion

Based on the foregoing, the Defendant's Motion for Summary Judgment GRANTED.  A separate order shall issue.

_____/s/_____
Thomas M. DiGirolamo
United States Magistrate Judge
November 13, 2009

Copies to:
Stephen Shea, Esq.
801 Roeder Road, Suite 550

Silver Spring, MD 20910


Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692